**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30038**
**Summary Calendar**
_____

**LARRY HARDY,**

**Plaintiff-Appellant,**

**versus**

**PARISH OF TANGIPAHOA; CITY OF AMITE, LA;**
**DUNCAN S KEMP, III, District Attorney,**
**District Attorney's Office for the City of Amite, Louisiana;**
**DIANNE OSBY; RICHARD P IEYOUB,**
**Attorney General for the State of Louisiana,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(95-CV-2437-T)
_____

August 12, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

     In this appeal, Larry Hardy challenges the district
court's refusal to grant declaratory and injunctive relief against
the operation of LSA R.S.9:936, the Louisiana Paternity Statute.

---

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

Hardy was named in a paternity suit filed in Tangipahoa Parish, provoking him to institute this action, but the paternity case was almost immediately dropped, apparently because of mistaken identity. Hardy nevertheless wished to pursue a challenge to the statute's constitutionality and a defamation action against the appellees including the district attorney and maternal complainant.

Hardy makes no attempt even to argue on appeal that his challenge to the statute's constitutionality is not moot. The paternity case against him was dismissed only sixteen days after he filed this federal lawsuit, and he was never required to submit to a blood test. He no longer has any legitimate contest with the city, county or state authorities regarding the statute. The district court properly dismissed this part of his case.

Hardy also contends that the district court's dismissal of his defamation claim should be reversed and remanded for further proceedings. We are not certain why the district court dismissed this claim, inasmuch as Hardy declined to furnish a transcript, and the district court's order, contained in the record excerpts, states that the judge dismissed "for reasons enunciated in open court." Nevertheless, it appears obvious that the court dismissed either because Hardy's allegations of defamation are wholly vague and conclusional or because the judge believed the state law claim is now better heard in state court. Either of these grounds is fully sustainable on appeal. Hardy's brief to this court makes no effort to explain the facts behind the defamation claim, his

2

pleadings in the trial court were similarly sketchy, and there is no record that he attempted to amend.

For these reasons, the district court's judgment of dismissal, without prejudice as to the defamation claim only, is **AFFIRMED.**